NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CEDRIC JOSEPH RUE, Jr., | No. 17-17290 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-02669-PGR |
| v. | |
| JULI ROBERTS, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Argued and Submitted February 6, 2019
Submission Vacated March 19, 2019
Resubmitted August 12, 2022
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Cedric Rue was convicted in Arizona state court of various crimes, including

first-degree murder. Rue, who was sixteen at the time of the crimes, was sentenced

to life without the possibility of parole ("LWOP") for the murder. Rue

unsuccessfully sought post-conviction relief in state court, arguing that his sentence

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violated the Eighth Amendment prohibition against cruel and unusual punishment because of his age when the murder was committed. Rue's 28 U.S.C. § 2254 habeas corpus petition was then denied by the district court, which granted a certificate of appealability. We affirm.

1. Rue contends that his LWOP sentence was unconstitutional under the Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), because his sentencing judge did not determine that he was permanently incorrigible. But that argument is foreclosed by *Jones v. Mississippi*, in which certiorari was granted for the express purpose of explaining "how to interpret *Miller* and *Montgomery*." 141 S. Ct. 1307, 1313 (2021). *Jones* clarified that the Eighth Amendment categorically forbade mandatory sentencing schemes and required "only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing" LWOP. *Id.* at 1311 (quoting *Miller*, 567 U.S. at 483). The Court stressed that "a separate factual finding of permanent incorrigibility is not required," *id.* at 1318, nor is an "on-the-record sentencing explanation with an implicit finding of permanent incorrigibility," *id.* at 1320. The "key assumption of both *Miller* and *Montgomery*," the Court explained, "was that discretionary sentencing allows the sentencer to consider the defendant's youth, and thereby helps ensure that life-without-parole sentences are imposed only in cases where that sentence is appropriate in light of the

defendant's age." *Id.* at 1318; *see also Jessup v. Shinn*, 31 F.4th 1262, 1266 (9th Cir. 2022) ("*Miller* requires, for a juvenile offender, an individualized sentencing hearing during which the sentencing judge assesses whether the juvenile defendant warrants a sentence of life with the possibility of parole.").

2. Rue's sentencing complied with the rule announced in *Jones*. Arizona law at the time of the sentencing did not require that LWOP be imposed "*automatically*, with no individualized sentencing considerations whatsoever." *Id.* at 1267; *see* Ariz. Rev. Stat. § 13-703(A) (2001). The sentencing judge explicitly considered Rue's age before imposing LWOP. Rue contends that he did not receive an individualized hearing because the judge sentenced him and his co-defendant in a single hearing. But despite the consolidated hearing, the sentencing judge made separate findings as to each. As *Jones* held, the Eighth Amendment requires no more.

3. Rue also argues that his sentence was unconstitutional because the Arizona legislature had in 1993 eliminated parole for crimes committed in 1994 or later, and had replaced parole with a credit system for early release, *see Jessup*, 31 F.4th at 1266–67, and that statutory scheme was not amended until after the Supreme Court's decision in *Miller* to allow life sentences with the possibility of parole for juvenile offenders convicted of first-degree murder, *see State v. Randles*, 334 P.3d 730, 732 (Ariz. Ct. App. 2014). However, in *Jessup*, we found that habeas relief was not warranted in these circumstances because in imposing an LWOP sentence, the

3

sentencing judge considered the defendant's "age and other relevant considerations" before concluding that no possibility of release was warranted. 31 F.4th at 1267. We also noted that nothing "in the record suggests that the precise form of potential release at issue had any effect on the sentencing judge's exercise of discretion. Much to the contrary, the record makes clear that the sentencing judge (and everyone else involved) genuinely, if mistakenly, thought that he was considering a sentence of life with the possibility of *parole*." *Id.* The same is true here.[1]

**AFFIRMED.**

---

[1] Rue's motion for judicial notice is granted.